IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GERALD OLIVER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-2290-L** |
| | § | |
| **TARGET CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are Defendant Target Corporation's ("Defendant" or "Target") 12(b)(6) Motion to Dismiss ("First Motion to Dismiss") (Doc. 3), filed on September 13, 2024; Target Corporation's Amended 12(b)(6) Motion to Dismiss ("Second Motion to Dismiss") (Doc. 8), filed on September 24, 2024; and Plaintiff Gerald Oliver's ("Plaintiff" or "Mr. Oliver") Response to Defendant Target Corporation's 12(B)(6) Motion to Dismiss ("Response") (Doc. 11), filed October 4, 2024. Having considered the Motions to Dismiss, pleadings, record, and applicable law, the court, for the reasons herein stated, **denies as moot** the First Motion and **grants** the Second Motion.

**I.   Background**

On September 19, 2024, Gerald Oliver filed his First Amended Complaint ("Amended Complaint") (Doc. 7) for Premises Liability.  Plaintiff seeks actual damages, prejudgment and postjudgment interest, costs of suit, and any other relief the court deems appropriate. Doc. 7. at 4.

Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Doc. 1 at 1. Mr. Oliver is a citizen of the State of Texas. *Id.* Plaintiff alleges that on August 15, 2022, he was injured on the Premises of a Target store in Rockwall,

Rockwall County, Texas, when he slipped on a puddle of water on the floor that was leaking from the flower section of the store. Doc. 1-3 at 2. On September 24, 2024, Target filed the present Motion to Dismiss. Doc. 8.

## II.      Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

### III.  Analysis

Defendant requests that the court dismiss the portions of Plaintiff's Amended Complaint that suggest that he is suing for general negligence rather than premises liability. Defendant contends that Plaintiff's Amended Complaint "sounds solely in premises liability and not in

Memorandum Opinion and Order – Page 4

general negligence or any other unrelated cause of action." Doc. 9 at 3. Defendant argues that Plaintiff alleges general negligence in five statements, which are not relevant to his claim of premises liability. *Id.* 2-3 (citations omitted). Finally, Defendant contends that because Plaintiff is only suing for premises liability, the court "should dismiss those portions of the First Amended Complaint alleging such unviable claims for failure to state a claim upon which relief may be granted." *Id.* at 4.

In response, Plaintiff contends that he has alleged facts sufficient to establish a premises liability claim. Doc. 12 at 5. Plaintiff argues that it is well established that a premises liability claim is a form of negligence. *Id.* (citations omitted). Further, Mr. Oliver contends that Texas courts have held that "if the language of a pleading was that of premises liability, the court would treat the case as a case of premises liability and operate as though that was what was [pleaded]." *Id.* (citation omitted). Finally, Plaintiff argues that regardless of the arguments it has stated, Defendant's Motions should be denied because he has filed an Amended Complaint, which cures all the issues raised in Defendant's Motions. *Id.* at 6.

In this case, it is clear that Plaintiff is suing Defendant on a premises liability theory of recovery for his alleged injury. According to the Amended Complaint, Plaintiff slipped on a puddle of water on the floor and fell onto his back because of a hazardous condition on the floor. In Texas, a premises owner, or person in control of the premises, owes its invitees a duty to exercise reasonable care to protect them from dangerous premises conditions that were known or reasonably discoverable, but a premises owner is not an insurer of its invitees' safety. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). To prevail on a premises liability claim under Texas law, a plaintiff must set forth sufficient facts for the court to reasonably infer the following:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Gonzalez*, 968 S.W.2d at 936 (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *see also McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citations omitted).

Defendant is correct in stating that premises liability and general negligence claims are two distinct claims. The Texas Supreme Court has consistently declined to eliminate the distinction. In other words:

> A person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. Negligence and premises liability claims thus are separate and distinct theories of recovery, requiring plaintiffs to prove different, albeit similar, elements to secure judgment in their favor. Because negligence and premises liability claims are based on independent theories of recovery, we have held that they are not interchangeable.

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citations and quotation marks omitted). Because Mr. Oliver alleges that this suit arises from his slipping and falling because of a leak on Defendant's property, it is clear to the court that his allegations relate to the conditions of the premises and not ongoing activity under a general negligence claim.

The court determines that the allegations in Plaintiff's Amended Complaint are sufficient to plausibly allege a premises liability claim. In his Amended Complaint, Mr. Oliver alleges as follows:

>5. On August 15, 2022, Plaintiff was injured on the premises of a Target, located at 850 Steger Towne Drive, Rockwall, Rockwall County, Texas 75032. Plaintiff, Gerald Oliver, was walking near the produce aisle at the front of the store. Plaintiff slipped on a puddle of water on the floor and fell onto his back, causing injury. Water was leaking from the flower section next to the produce aisle on the store premises where Plaintiff fell. The flower section has several vases filled with water in which the floral bouquets are held. There were no wet floor or caution signs in the area that would have warned about a dangerous condition. At the time of injury, the premises were being used as a retail store by Defendant, Target Corporation.
>
>6. Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendant was the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.
>
>7. Plaintiff was an invitee at the time the injury occurred. Plaintiff entered on Defendant's premises for the mutual benefit of himself and Defendant and at the implied invitation of Defendant. Defendant extended an open invitation to the public to enter the premises.

Doc. 7 at 2.

Plaintiff has not sufficiently alleged facts from which the court can reasonably infer that Target had constructive or actual knowledge of the water puddle in the store. "Actual knowledge requires knowledge that the dangerous condition existed at the time of the accident," and "constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *Albertsons, LLC v. Mohammadi*, 689 S.W.3d 313, 317 (Tex. 2024) (internal quotation marks and citations omitted). Constructive knowledge may be established by facts or inferences that a dangerous condition can develop over time. *Id.* While the allegations in the Amended Complaint are sufficient at this stage to show that the water puddle may have posed an unreasonable risk of harm, and that Target failed to exercise reasonable care to reduce or eliminate the risk, and that this failure proximately caused his injuries. Doc. 7 at 2. The court determines that Plaintiff's allegations are not sufficient to show Defendant had or should have had actual or constructive knowledge of the wet floor on the

premises. *See id.* As a result, Plaintiff's allegations are not sufficient to establish a plausible claim for relief under Texas premises liability law.

Plaintiff's allegations regarding Defendant's constructive or actual knowledge are nonexistent at worst and conclusory at best. The court does not "presume true a number of categories of statements, including legal conclusions; mere labels; [t]hreadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (internal quotations omitted) (citations omitted). The court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted). Plaintiff does not allege any facts from which the court can reasonably infer that Defendant had constructive or actual knowledge of the water puddle on the floor of the store.

Further, because Defendant filed its Second Motion to Dismiss before the court ruled on its First Motion to Dismiss, the Second Motion to Dismiss moots its First Motion to Dismiss.

## IV.    Conclusion

For the reasons stated herein, the court **denies as moot** the First Motion to Dismiss (Doc. 3) and **grants** the Second Motion to Dismiss (Doc. 8). Plaintiff's claim for premises liability is **dismissed without prejudice**. The court **orders** Plaintiff to file an Amended Complaint by **5:00 p.m.** on **May 20, 2025**, that cures the deficiencies herein noted. Failure to comply with this directive will result in the dismissal with prejudice of its claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, or dismissal without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**It is so ordered** this 29th day of April, 2025.

                                                    Sam A. Lindsay
                                                    United States District Judge