IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD OLIVER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-2290-L** |
| TARGET CORPORATION, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Vacate Order of Dismissal and Verified Motion to Reinstate ("Motion") (Doc. 24) in response to the court's Judgment (Doc. 23), filed May 29, 2025. Defendant did not file a response, and the time to do so has passed. After carefully considering the Motion, record, and applicable law, the court **grants** Plaintiff's Motion.

### I. Factual Background

The facts set forth in this section are essentially the same as those in the court's April 29, 2025 Memorandum Opinion and Order (Doc. 20). Plaintiff Gerald Oliver ("Plaintiff" or "Mr. Oliver") brought this action against Defendant Target Corporation ("Defendant" or "Target") for Premises Liability.

After conducting a lengthy analysis of the record, the court concluded that Plaintiff failed to state a claim to relief that is plausible on its face. On April 29, 2025, the court, therefore, entered a memorandum opinion and order **denying as moot** Defendant's 12(b)(6) Motion to Dismiss (Doc. 3); **granting** Defendant's Amended 12(b)(6) Motion to Dismiss (Doc. 8) and **ordering** Plaintiff to file an Amended Complaint **by May 20, 2025,** to correct the deficiencies set forth by the court. He did not do so by the deadline stated by the court, and on May 29, 2025,

the court **dismissed with prejudice** the action against Defendant. Plaintiff now seeks reconsideration of the court's May 29, 2025 Judgment pursuant to Federal Rule of Civil Procedure 60(b). Because Plaintiff filed his Motion four days after the court entered Judgment, the court will analyze the Motion pursuant to Rule 59(e) rather than 60(b) as he requested.

II.   **Applicable Standards**

   A.  **Rule 59(e) Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). This remedy is " an extraordinary remedy that should be used sparingly." *Id.* at 479. Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes that the motion is necessary: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021).

When a motion seeks to reopen a judgment on the pleadings to amend the pleadings, the disposition of the motion to vacate under Rule 59(e) should be governed by the same considerations as Rule 15(a); however, a post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Federal Rule of Civil Procedure 59. *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citation omitted); *Vielma v. Eureka Co.,* 218 F.3d 458, 468 (5th Cir. 2000). District courts may deny a plaintiff leave to amend when he did not exercise diligence, including attempting to raise facts that were available previous to the district court's opinion. *Stevens v. St. Tammany Par. Gov't,* 17 F.4th 563, 575 (5th Cir. 2021) (citation omitted). "[I]t is not an abuse of discretion to deny such leave [when] the plaintiff 'had the opportunity to cure and failed.'" *Id.* (citation omitted).

B.   **Standard for Amendment of Pleadings After Entry of Judgment**

In *Rosenzweig*, the Fifth Circuit explained that, when leave is sought to amend pleadings after entry of a final judgment, such a request may only be made by appealing the judgment or seeking to alter or reopen the judgment under Rule 59 or 60. *Rosenzweig*, 332 F.3d at 864. Because the action in *Rosenzweig* had been dismissed with prejudice in an order titled "FINAL JUDGMENT," the Fifth Circuit concluded that the plaintiffs' postjudgment motion to alter or amend the judgment, and for leave to amend their complaint "must be treated as a motion under Rule 59(e), not Rule 15(a)." *Id*. (citation omitted). The Fifth Circuit, nevertheless, determined that "the considerations for a Rule 59(e) motion are governed by Rule 15(a)" when a postjudgment request to amend pleadings is made because:

> [w]he[n] judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that, therefore, the motion to vacate should have been granted. Thus, the disposition of the plaintiff's motion to

> vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

*Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

The Fifth Circuit in *Rosenzweig* went on to note that the considerations in determining whether to grant or deny leave to amend a complaint under Rule 15(a) include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig*, 332 F.3d at 864 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). *Rosenzweig* explained that, "[a]bsent such factors, the leave sought should . . . be freely given." *Rosenzweig*, 332 F.3d at 864. As demonstrated by *Rosenzweig* and other Fifth Circuit opinions, however, the provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.

### III.   Discussion

Before discussing the merits of Plaintiff's Motion, the court first acknowledges an inconsistency that may have reasonably caused Plaintiff some confusion. In its April 29, 2025 Memorandum Opinion and Order, the court stated that the "allegations in Plaintiff's Amended Complaint *are* sufficient to plausibly allege a premises liability claim." Doc. 20 at 6 (emphasis added). The court inadvertently omitted the word "not" before the word "sufficient," and the language should have stated "the allegations are **not** sufficient to plausibly allege a premises liability claim." Later in the same Memorandum Opinion and Order, the court held that "Plaintiff's allegations are not sufficient to show Defendant had or should have had actual or constructive knowledge of the wet floor on the premises." *Id.* at 7-8 (citations omitted). Despite leaving this word out, the language in the Memorandum Opinion and Order, as well as the

Memorandum Opinion and Order – Page 4

analysis, should have made it clear to Plaintiff that it did not allege any facts from which the court could reasonably infer that Defendant had constructive or actual knowledge of the water puddle on the floor of the store. Realizing that the court's mistake could have reasonably caused some confusion to the parties, it will give Plaintiff the "benefit of the doubt" and grant him an opportunity to cure the deficiencies identified by the court. Although the court raised the issue of confusion, it is one that should have been raised by Plaintiff's counsel, and he should have filed a motion for clarification.

Now, addressing the merits of the Motion. In his Motion, Plaintiff requests the court to reconsider and vacate its judgment of dismissal, allow him to file an Amended Complaint, and set the case for trial (Doc. 24). He seeks this relief because he contends that relief from judgment will not prejudice Defendant, as Defendant can still present a defense in this action; and the length of the delay is only four days. *Id.* at 2-3. Further, Plaintiff argues that his counsel, Mr. Joshua Hancock, regularly operates in state court[*], which operates differently than federal court, and he later "found" in the court's memorandum opinion and order that he was required to file an Amended Complaint by May 20, 2025. *Id.* at 3.

Here, Plaintiff is seeking to comply with the court's order to cure the deficiencies previously identified. Because this case is in the early stages of litigation, there has only been one scheduling order, and discovery has not been conducted, the court cannot find a substantial reason for denying Plaintiff's Motion. The court determines that there is no undue delay because Plaintiff filed his Motion four days after judgment was entered. Second, because Plaintiff's counsel practices in state court more frequently than federal court and misunderstood the court's instructions, it is clear that there was no bad faith or dilatory motive by Plaintiff. Third, Plaintiff

---

[*] That Plaintiff's counsel regularly operates in state court has no bearing on the court's analysis. Because Plaintiff's counsel is admitted to practice in the Northern District of Texas, he is expected to adhere to the Local Civil Rules of this district as well as the relevant and applicable federal statutes and laws.

**Memorandum Opinion and Order – Page 5**

has not repeatedly failed to cure deficiencies unduly prejudicing Defendants. Finally, there is no undue prejudice to Defendant, and allowing Plaintiff to amend would not be futile. The court, therefore, determines that denial of the Motion would be unwarranted and that Plaintiff should be granted leave to amend.

So that there is no misapprehension, Mr. Oliver's Second Amended Complaint must cure the deficiencies previously identified by the court in its Memorandum Opinion and Order (Doc. 20), filed April 29, 2025. The Second Amended Complaint must set forth facts for the court to reasonably infer that a claim for premises liability has been alleged, which, as stated previously, has not been done.

### IV.    Conclusion

After careful consideration of the Motion, record, and applicable law, the court **grants** Plaintiff's Motion to Vacate Order of Dismissal and Verified Motion to Reinstate ("Motion") (Doc. 24); and **vacates** the Order (Doc. 22) and Judgment (Doc. 23), filed on May 29, 2025. The court **orders** Mr. Oliver to file his Second Amended Complaint with the clerk of court **by July 18, 2025**. Further, the court **directs** the clerk of court to **reopen** this action.

**This will be the final opportunity for Plaintiff to cure the deficiencies in its pleadings. Plaintiff will not receive any additional extensions. Further, failure to comply with court orders in the future may result in this action being dismissed with prejudice.**

**It is so ordered** this 9th day of July, 2025.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge